IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN D. MINCH, 124968, )
    Petitioner, )
)
v. ) 2:13-cv-557
)
COM. OF PENNSYLVANIA, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell, M.J.:

    John D. Minch, who at the time the instant petition was filed was a pretrial detainer at the Allegheny County Jail, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. At the time the petition was filed, Minch was awaiting trial on charges of criminal homicide and burglary at No. CP-02-CR-8111-2009 in the Court of Common Pleas of Allegheny County, Pennsylvania. In a petition executed on April 16, 2013, Minch contends he is entitled to relief on the grounds that:

> I have a right to a speedy trial. I have been incarcerated since April 2, 2009. I have NEVER waived my right to be tried within 365 days under state law. (emphasis in original).
>
> I was denied my right to self-representation between August 2, 2010, and January 23, 2013. All of these postponements were a direct result of the court denying me my right to self-representation.
>
> Judge Jeffrey A. Manning has refused to allow me to proceed since I forced the court to allow me to waive counsel on January 23, 2013.
>
> I have a right to be tried by July 22, 2013, according to Jeffrey A. Manning. But for the last 3 months he has refused to acknowledge my petitions for a trial date.[1]

    A criminal information charging homicide and burglary arising out of events which had occurred on May 6, 1999, was filed on July 8, 2009.[2] At a hearing held on September 2, 2009,

---

[1] See: Petition at ¶ 13.

1

the petitioner agreed to continue his trial to on or before April 8, 2010.[3] Upon motion of defense counsel for additional time to prepare, the trial was again postponed to August 4, 2010.[4] On motion of defense counsel, trial was again continued to on or before January 10, 2011.[5] On November 14, 2012, petitioner filed a motion to proceed pro-se also noting that two attorneys had been permitted to withdraw during the pendency of the charges and that he had never consented to postpone the trial.[6] Finally on March 29, 2013, petitioner filed a motion to dismiss the charges based on a violation of his right to a speedy trial.[7] The criminal docket sheet also reflects that on January 18, 2013, a third attorney was appointed as stand-by counsel for the petitioner and motions to suppress were filed on June 13, 2013.[8] Trial was scheduled to commence on June 24, 2013.[9] However, on June 18, 2013, defense counsel moved to withdraw as a result of the petitioner's filing a complaint against him with the Pennsylvania Disciplinary Board.[10] At the time set for trial, new counsel was appointed for the petitioner and at counsel's request, a postponement was granted and trial was rescheduled for August 25, 2013.[11] Upon the discovery of additional evidence, the trial court directed that the materials be provided to the defense, that the Commonwealth could not use any evidence which was not provided prior to that date and again postponed the trial so that defense counsel could review the newly provided evidence.[12] Trial was rescheduled to commence on November 6, 2013 following which on November 15, 2013, the petitioner was convicted on the charges was remanded to custody and sentencing is set for February 13, 2014.[13]

      The delays about which petitioner complains arise under Rule 660, Pa.R.Cr.P. which provides for a speedy trial. As a matter of state law, compliance with this rule is not subject to review here. <u>Swarthout v. Cooke</u>, 131 S.Ct. 859 (2011). However, the Sixth Amendment also guarantees an accused the right to a speedy trial. In the instant case, much of the delay which has

---

[2] See: Exhibit 1 to the answer. Much of the delay in filing charges was due to the late discovery of forensic evidence which linked the petitioner to the crime.
[3] See: Exhibit 2 to the answer at p.14, 18-19.
[4] See: Exhibit 3 to the answer.
[5] See: Exhibit 4 to the answer.
[6] See: Exhibit 7 to the answer.
[7] See: Exhibit 8 to the answer.
[8] See: Exhibit 1 to the answer.
[9] See: ECF 22 ¶.5.
[10] Id. at ¶ 7.
[11] Id. at ¶ 8.
[12] Id. at ¶11.
[13] See: http://ujsportal.pacourts.us at No. CP-02-CR-8111-2009.

occurred has been engendered by the need to appoint difference counsel including stand-by counsel to represent the petitioner on three separate occasions ultimately leading to their withdrawal due to conflicts with the petitioner. This is not the type of delay which the Third Circuit cautioned against in Story v. Kindt, 26 F.3d 402 (3d Cir.) cert. denied 513 U.S. 1024 (1994) where the delays were outside the control of the petitioner.

However, the matter has now proceeded to trial and the petitioner has been convicted of the charged crimes. He is now in a position to raise the delay issues in the appellate courts of Pennsylvania.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995). No such showing is made here. Thus, the instant petition is premature and it will be dismissed.

An appropriate Order will be entered.

ORDER

AND NOW, this 18th day of November, 2013, for the reasons set forth in the foregoing Memorandum, the petition of John D. Minch for a writ of habeas corpus is DISMISSED and a certificate of appealability is DENIED.

s/ Robert C. Mitchell
United States Magistrate Judge